FILED
JUN 2 6 2008
Jun 26, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| James G. Turner-el,<br>Plaintiff,<br>-v-<br>Jodi Horman, et al.,<br>Defendant(s). | 08CV3664<br>JUDGE MORAN<br>MAGISTRATE JUDGE ASHMAN |
|---|---|

EMERGENCY MOTION FOR ISSUANCE OF A TEMPORARY RESTRAINING ORDER, OR, FOR A PRELIMINARY INJUNCTION

COME NOW the plaintiff James G. Turner-el, Pro Se, pursuant the Fed. R. Civ. P. Rule 65 and respectfully move this Honorable Court for an Emergency temporary restraining order, or a preliminary injunction.

IN SUPPORT, plaintiff states:

1. As stated in his Civil Rights Complaint and Affidavit attached hereto defendants are retaliating against plaintiff, by denying him all medical treatment, subjecting him to extreme pain, imminent dangers of serious physical injury and irreparable harm and

suffering.

## ARGUMENT

I. Plaintiff is entitled to a temporary restraining Order directing defendants to afford him prompt, correct and meaningful Medical treatment.

A litigant may be granted a temporary restraining order (TRO) by a federal court upon a showing that the plaintiff is in danger of immediate and irreparable injury, that the adverse party will not be substantially harmed if a (TRO) is granted, and that the (TRO) is consistent with the public interest, and plaintiff has a strong likelihood of success in the lawsuit. Murphy v. Society of Real Estate Appraisers, 388 F. Supp. 1046, 1049 (E.D. Wisc. 1975). Plaintiff is entitled to a TRO under these standards.

A. Irreparable Injury.

The loss of constitutional rights, even for short periods of time, constitutes irreparable injury. Elrod v. Burns, 427 U.S. 347, 373 (1976); Deerfield Medical Center v. City of Deerfield Beach, 661 F.2d 328, 338 (5th Cir. 1981).

-2-

In the case at bar, defendants conspired and had an illegal blood transfusion done on the plaintiff and since plaintiff has sought to pursue a legal remedy, defendants refuse to afford him any medical treatment, subjecting him to extreme pain, high blood pressure, etc., and imminent dangers of serious physical injury.

The Supreme Court held that deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain'.... proscribed by the Eighth Amendment 429 U.S. 97, 97 S. Ct. 285, See Estelle v. Gamble, Id at 104, (1976).

Your plaintiff has numerous medical problems to which defendants refuse to give any treatment, as such plaintiff is suffering irreparable injury.

B. Absence of harm to the Adverse party.

The defendant(s) have no legitimate interest in refusing to afford plaintiff of medical treatment for his serious medical needs, Thus,

-3-

there will be no harm suffered by defendants from issuance of a TRO.

C. Public Interest.

The public interest is best served when all persons including prisoners are afforded necessary medical treatment Estelle, id.

D. Likelihood of Success on the Merits.

Plaintiff's likelihood of winning a final judgement on the issues of denial of medical treatment is overwhelming and is so well established as to be unquestionable, as such success on the merits is guaranteed.

Plaintiff has not served defendants, even if the Court finds that plaintiff is not entitled to a temporary restraining order, it should grant plaintiff a preliminary injunction after Notice to the defendants.

A preliminary injunction may be granted upon notice to the adverse party and on consideration of the same four factors discussed

-4-

in Point I, Supra. See Florida Medical Association, Inc. v. United States Department of Health, Education and Welfare, 601 F. 2d 199 (5th Cir. 1979). Plaintiff incorporates that discussions by reference in this point.

## II.
## RELIEF

A) Restrain defendants from providing illegal medical treatment;

B) Order defendant(s) to afford the plaintiff prompt, correct, lawful and meaningful medical treatment;

C) Award plaintiff a monetary sanction of $10,000.00 (Ten Thousand per month) from October 2007 til now for each month defendants deprived him of medical treatment for his pain;

D) Or, order plaintiff transferred to another prison facility;

E) Or, as plaintiff is a Federal Parole Violator order him transferred to the custody of the Federal Bureau of Prisons.

-5-

f) Any additional relief this Court deems just, equitable and proper.

## III.
## CONCLUSION

WHEREFORE, plaintiff prays this Honorable Court issues a temporary restraining order, or, a preliminary injunction.

Respectfully submitted,

*James G. Turner*
James G. Turner-el
#N-01161
M.C.C.
P.O. Box 711
Menard, Il. 62259

STATE OF ILLINOIS        )
                         ) SS
COUNTY OF RANDOLPH       )

## AFFIDAVIT

I, James G. Turner-u, being first duly sworn upon my oath depose and state that the following matters are both true and correct made upon personal knowledge and belief, and if called as a witness, I am competent to testify thereto: 1) That on or about 1/15/08 defendant Magdell ordered blood for a blood transfusion.
2) Once blood was received a Menard prison Hospital I was advised I'd have to wear a wrist-band name tag, and once it was on me, I couldn't leave the prison hospital for any reason.
3) Once I was tagged I saw reason why I couldn't leave hospital, was because wrist-band alleged I was in Chester Memorial Hospital having blood transfusion done, when it was illegally done at Menard prison hospital.
4) That I suffered some pain caused by transfusion to my blood vessels.
5) That I learned only reason I was tagged was if I died or suffered permanent injury Menard would not be liable.
6) That upon learning that I intend to pursue a legal remedy defendants refuse to afford me any medical attention and I'm in extreme pain.
7) That I have Hepatitis-C; High Blood Pressure; Anemia; and pain in lower right abdomen, lower back and both arms and hands, supposedly my internal bleeding has stopped on its own.
8) That defendants are retaliating against me, by denying me any medical treatment.
9) That since defendants don't want to provide me any medical care, I should be ordered to be transferred to another prison, or into federal custody, as I am a federal Parole Violator and owe 9 years

Page 1 of 2

Affidavit (continued) Page 2 of 2

and 113 days to the federal government.

10) That further I sayeth not, except.

11) That defendants are refusing to afford me any medical treatment and should I suffer any life threatening injury or circumstance, I believe the defendants would let me die before giving me any medical treatment.

12) As such, I should be transferred to another prison, where I can receive proper medical care.

13) That my life is in imminent danger of serious physical injury

14) That I have no other remedy at law and I shouldn't have to suffer extreme pain with no medical treatment.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of perjury, that everything contained herein is true and accurate to the best of my knowledge and belief. I do declare and affirm that the matter at hand is not taken either frivolously or maliciously and that I believe the foregoing matter is taken in good faith.

Signed on this 17th day of June, 2008.

_____
James M. _____
Affiant