Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES B. MORAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3664 | **DATE** | July 10, 2008 |
| **CASE TITLE** | James G. Turner-El (#N-01161) vs. Jodi Harmon, et al. | | |

**DOCKET ENTRY TEXT:**

This action is transferred to the United States District Court for the Southern District of Illinois at East St. Louis for imposition of an initial filing fee and whatever other action the transferee court deems appropriate. The clerk shall not issue summonses unless the transferee court so directs. The case and all pending motions are terminated on this court's docket. *James B. Moran*

■ **[For further details see text below.]**

Docketing to mail notices.

---

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officials and health care providers at the Menard Correctional Center, have violated the plaintiff's constitutional rights by denying him proper medical care. Without expressing an opinion as to the merits of the complaint, the court finds that venue does not lie in this judicial district.

Under 28 U.S.C. § 1391(b), a civil rights action under Section 1983 may be brought only in: (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

The court discerns no basis for venue in this district. The events giving rise to this lawsuit took place at the Menard Correctional Center, where the plaintiff is currently confined. Menard is located in Randolph County, which is situated in the Southern Illinois federal judicial district. *See* 28 U.S.C. § 93(c). Presumably, the defendants can be found in that district. Venue does, therefore, exist in the Southern District of Illinois and, given the particulars of this case, that district is clearly the most convenient forum for this action.

For the foregoing reasons, this action is transferred to the United States District Court for the Southern District of Illinois at E. St. Louis pursuant to 28 U.S.C. § 1406(a) for imposition of an initial filing fee and whatever other action the transferee court deems appropriate. The clerk shall not issue summonses unless the transferee court so directs.

U.S. DISTRICT COURT

2008 JUL 10 PM 4:48

FILED

mjm